IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NTJK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC., | ) JURY TRIAL DEMANDED ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NTJK, Inc. ("NTJK"), brings this Complaint for patent infringement against Defendants Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon" or "Defendants"), and hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under 35 U.S.C. § 1, *et seq*.

2. Defendants have infringed one or more claims of United States Patent No. RE45,088 (the "'088 Patent") at least by using, offering for sale, selling, and/or importing into the United States systems and services that infringe one or more claims of the '088 Patent.

3. NTJK is the legal owner by assignment of the entire right, title, and interest in and to the '088 Patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). NTKJ seeks monetary damages to address past infringement of the '088 Patent.

## THE PARTIES

4. Plaintiff NTJK, formerly known as NJK, Inc., is a corporation organized under the laws of the State of Delaware, having a principal place of business at 2-7-2-302 Yakumo Meguro-ku, Tokyo 152-0023, Japan.

5. The President of NTJK, Mr. Naoto Kai, is the inventor of the '088 Patent.

6. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon.com") is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109, and can be served through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

7. Upon information and belief, Defendant Amazon.com Services LLC ("Amazon Services") is a corporation organized under the laws of the State of Delaware, with a place of business at 440 Terry Avenue North, Seattle, Washington 98109. It is a wholly owned subsidiary of Amazon.com, Inc. that may be served through its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8. Upon information and belief, Defendant Amazon Web Services, Inc. ("AWS, Inc.") is a corporation organized under the laws of the State of Delaware, with a place of business at 440 Terry Avenue North, Seattle, Washington 98109. It is a wholly owned subsidiary of Amazon.com, Inc. that may be served through its registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

9. Amazon.com, Amazon Services, and AWS, Inc. are collectively referred to hereafter as "Amazon" or "Defendants".

10. Upon information and belief, Amazon sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products

and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

12. This Court has personal jurisdiction over Defendants. Defendants are subject to general personal jurisdiction in the State of Delaware because each is incorporated in the State of Delaware.

13. Venue is proper under 28 U.S.C. §§ 1391 and 1400(b). Defendants are incorporated in this District. Upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District, by, among other things, making, using, offering to sell, selling and/or importing systems and services that incorporate technology that infringe the '088 Patent.

14. In addition, Amazon maintains a regular and established place of business within this District. For example, and without limitation, Amazon has maintained a regular and established place of business with offices and/or other facilities located at 1025 Boxwood Rd., Wilmington, DE 19804. At 3.8 million square feet, it is the largest Amazon fulfilment center in the United States. *See* https://www.delawareonline.com/story/money/business/2021/09/21/amazon-opens-mega-warehouse-delaware/8347000002/. Amazon additionally maintains offices in this District including at 560 Merrimac Ave., Middletown, Delaware 19709 and 820 Federal School Lane, New Castle, Delaware 19720.

## THE ASSERTED PATENT

15. On August 19, 2014, the U.S. Patent and Trademark Office duly and legally issued United States Patent No. RE45,088, entitled "System for Searching TV Program Data via the Internet," to Mr. Naoto Kai. The '088 Patent is a reissue of U.S. Patent No. 6,993,783. The '088 Patent claims priority to JP 2000-272159, which was filed on September 7, 2000. A true copy of the '088 Patent is attached hereto as Exhibit A

16. NTJK is the assignee and owner by assignment of the entire right, title, and interest in and to the '088 Patent.

17. The '088 Patent is valid and enforceable.

18. The '088 Patent describes a system for searching TV program data via the Internet.

19. Various features of Mr. Kai's inventions were claimed in the '088 Patent. For example, Claim 6 of the '088 Patent recites:

> A system for searching TV program data via the Internet for managing TV program data supplied by broadcasting stations via the Internet and providing TV program data and tabulated data based on the results by searching the TV program data by a user, the system comprising:
>
> broadcasting station terminals provided for broadcasting stations supplying the TV program data;
>
> user terminals for receiving the TV program data;
>
> and a data management apparatus connected to the broadcasting station terminals and user terminals via the Internet;
>
> the data management apparatus comprising:

a communication connection controller connected to the Internet via a firewall;

a database;

a web server that receives via the Internet search requirements from the user terminals and transmits via the Internet results of searching the database;

a database server for searching and updating the database;

a database management terminal for managing the database; and

a central processing controller;

the database comprising:

> a program data database including a timetable for recording data of the broadcasting schedule for TV programs, a subject matter table for storing program guide data, and data including the number of prior searches having the same TV program data;
>
> a user database including:
>
> a user table for recording user registration data of users searching the TV program data, wherein the user registration data includes at least one of the user's sex, age or occupation;

the central processing controller comprising:

> a program data recorder that includes a broadcasting schedule recorder for receiving entry requirements from the broadcasting station terminals and recording broadcasting schedule data in the timetable and a subject matter recorder for recording program guide data in the subject matter table;
>
> a user register for receiving requirements from user terminals and recording said user registration data in the user table;

>a program data searcher for receiving requirements from the user terminals and from the user register and searching for broadcasting schedule data, program guide data recorded in the program data database, and data including the number of prior searches having the same TV program data;
>
>wherein the program data searcher provides the user with data related to searches that other users have performed on the TV program data.

20. NTJK has complied with its obligations under 35 U.S.C. § 287 for the '088 Patent.

## DEFENDANTS' INCORPORATION OF NTJK'S PATENTED TECHNOLOGIES INTO THEIR DEVICES AND SERVICES

21. The allegations provided below are exemplary and without prejudice to NTJK's infringement contentions. In providing these allegations, NTJK does not convey or imply any particular claim constructions or the precise scope of the claims. NTJK's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

22. Based on information available, the infringing products and services include without limitation: Amazon Prime Video service ("Prime Video"); Amazon devices that are compatible with Prime Video, including Amazon Fire TV, Amazon Fire Stick, Amazon Fire Cube, Amazon Fire tablets, Fire TV Edition, Fire TV Recast, Amazon Kindle Fire, Amazon Echo devices with a screen (collectively, "the Amazon Devices"); and third-party devices that are compatible with the Amazon Prime Video app, including non-Amazon TVs, tablets, smartphones, computers and other devices ("Third-Party Devices") (collectively, "the Accused Products").

23. The Accused Products are non-limiting examples that were identified based on publicly available information, and NTJK reserves the right to identify additional infringing activities, products and services, including, for example, on the basis of information obtained during discovery.

24. As detailed below, and in Exhibit B, each limitation of at least one claim of each of the '088 Patent is literally present in the Accused Products, or is literally practiced by Defendants' personnel, agents or customers who use the Accused Products. To the extent that any limitation is not literally present or practiced, each such limitation is present or practiced under the doctrine of equivalents.

25. Defendants have made extensive use of NTJK's patented technologies, including the technology described and claimed in the '088 Patent. NTJK is committed to defending its proprietary and patented technology. NTJK requests that this Court award it damages sufficient to compensate for Defendants' infringement of the '088 Patent, find this case exceptional and award NTJK its attorneys' fees and costs.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. RE45,088)

26. NTJK re-alleges and incorporates by reference all the foregoing paragraphs of the Complaint as if fully set out herein.

*Amazon's Direct Infringement*

27. Amazon has directly infringed, literally and/or equivalently, one or more claims of the '088 Patent, including, at least claim 6, including by importing, using, selling and offering for sale in the United States, without authority, Prime Video and the Amazon Devices.

28. For example, and without limitation, the Amazon Devices, including the Fire TV

devices which include Prime Video, meet each and every limitation of claim 6, either literally or under the doctrine of equivalents, as set forth in Exhibit B and incorporated here.

### Amazon's Knowledge of the '088 Patent

29. In about September 2016 and August 2017, NJK (NTJK's predecessor), sent letters to Amazon informing Amazon that the Accused Products infringe the '088 Patent.

30. Since at least August 2017, Amazon has known of the '088 Patent and has known that the Accused Products infringe the '088 Patent.

### Amazon's Induced Infringement

31. Since at least September 2016, Amazon knew that the Accused Products infringe at least claim 6 of the '088 Patent when used by customers or other users.

32. Since at least September 2016, Amazon has induced infringement and continues to induce infringement by actively encouraging customers and/or other users to directly infringe at least claim 6 of the '088 Patent by encouraging customers and/or other users to use Prime Video on Amazon Devices and Third-Party Devices in a manner that infringes at least claim 6 of the '088 Patent. For example, Amazon makes Prime Video compatible with the Amazon Devices and with Third-Party Devices and encourages customers to use Prime Video on the Amazon Devices and on Third-Party Devices. *See e.g.,* https://www.primevideo.com/splash/getTheApp/.

33. Since at least September 2016, Amazon: (1) has offered for sale, sold, imported, and used the Accused Products knowing that such activity would infringe the '088 Patent; and (2) has induced customers and/or other users to infringe by encouraging the use of the Accused Products knowing that such use would infringe the '088 Patent.

34. Amazon's infringement of at least claim 6 of the '088 Patent has been willful. The nature of Amazon's willful infringement is demonstrated by Amazon's offers for sale, sales,

importation, and use of the Accused Products and its encouragement of customers to engage in infringing uses of the Accused Products.

35. The foregoing description of Amazon's infringement is based on publicly available information. NTJK reserves the right to modify this description, including, for example, on the basis of information about the Accused Products/Instrumentalities that it obtains during discovery.

36. NTJK has been irreparably harmed, and has incurred damages, as a result of Amazon's infringement of the '088 Patent.

37. Amazon's infringement of the '088 Patent has damaged NTJK in an amount yet to be determined, of no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, NTJK respectfully requests that this Court enter judgement in its favor and against Defendants as follows:

   a. Declaring that Amazon has directly infringed the '088 Patent and has induced infringement of the '088 Patent;

   b. Awarding NTJK damages adequate to compensate it for Amazon's infringing activities, together with pre-judgment and post-judgment interest on the damages awarded;

   c. Finding Amazon's infringement of the '088 Patent to be willful and awarding enhanced damages in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

   d. Finding this to be an exceptional case and awarding NTJK its attorneys' fees and costs under 35 U.S.C. § 285 as a result of Amazon's willful infringement of the

'088 Patent; and

e. Awarding NTJK such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(a), NTJK demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
*Attorney for NTJK, Inc.*

OF COUNSEL:
Gerald B. Hrycyszyn
Eric Rutt
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
(617) 646-8000

Tonia A. Sayour
Aya Cieslak-Tochigi
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY 10158
(212) 849-3357

Dated: September 17, 2024